The judgment of the court was pronounced by
Rost, J.
This is a petitory action, in which the defendant has appealed from the judgment rendered against him. The plaintiff adduces as his title, a commissioner’s certificate of confirmation in favor of the legal representatives of Malachi Hays, bearing date the first day of August, 1811, founded on an order of survey in favor of Malachi Hays, for ten arpents front, by the depth of forty on each side of the river Téche, bearing date the 20th of June, 1781, with proof of possession more than twenty consecutive years previous to the 20th of December, 1803. The land is described in the grant as being situated about half a league below the land of Derohan on the river Téche, and is to have, under the certificate, such form and marks, natural and artificial, as shall be represented in a plat thereof, to be returned by the principal deputy surveyor of the district. He holds under the grantee by a regular chain of conveyances.
*559 The defendant rests his title on the receipt of the receiver of the land office, bearing date the 29th February, 1844, and the register’s certificate issued thereon on the 26th of March following.
It is conceded, that the location of the plaintiff’s land, made in 1845, and approved by the surveyor general, conflicts with the land of the defendant; but he urges, that as far back as 1814, another location had been made and approved, which did not conflict with his entry; and that, as at the time of his purchase the land in controversy was represented on the township map as public land, lie has acquired a good title, and cannot be evicted by the plaintiff.
It is in evidence, that on the 8th of June, 1848, the commissioner of the general land office informed the register and receiver at Opelousas, that the certificate issued to the defendant, having been found to conflict with a confirmed private claim of the representatives of Malachi Hays, had been cancelled as void. He directed them at the same time, to advise the defendant of this disposition of his entry, and that on a proper application the purchase money paid by him would.be refunded.
We cannot revise the decision of the commissioner cancelling the certificate under which the defendant claims. Until a patent issues the government never so entirely divests itself of title as to be precluded from cancelling a sale and setting aside an entry, when the land sold conflicts with private claims. The original grant of the plaintiff having no fixed boundaries, we must take the last location as the true one, and hold the defendant’s title as void, so far as it conflicts with it.
We are of opinion that the affidavit upon which the plaintiff obtained his injunction was sufficient in law.
The judgment is therefore affirmed, with costs.
Slidell, J. I concur in the opinion on the merits, but have doubts as to the sufficiency of the affidavit for injunction.